**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DAVID HILBORN,

        Plaintiff,                         CASE NO. 03-CV-71726

-vs-                                         PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

CHAW KHONG TECHNOLOGY CO.,

        Defendant.
_____/

**OPINION AND ORDER:**
**(1) GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION IN LIMINE AND**
**(2) DENYING PLAINTIFF'S MOTION TO AMEND**

The matter before the Court is Defendant Chaw Khong Technology Co.'s ("Defendant") July 9, 2008 Motions in Limine. (Dkt. No. 74). Plaintiff David Hilborn filed his Response on July 25, 2008. Also before the Court is Plaintiff's August 1, 2008 Motion to Amend the Final Pretrial Order. (Dkt. No. 82). A hearing on these matters was heard on August 15, 2008. Trial is currently scheduled for September 11, 2008.

For the following reasons and those explained from the bench, the Court grants in part and denies in part Defendant's Motions in Limine and denies Plaintiff's Motion to Amend the Final Pretrial Order.

**I.    Legal Standard**

The Court exercises discretion when resolving questions of relevancy and admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1992). Generally, evidentiary determinations depend largely upon the Court's assessment of the relevance of proffered

evidence as well as the extent that any prejudice is created by its admission. Relevant evidence is defined in Federal Rule of Evidence 401, as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Pursuant to Federal Rule of Evidence 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

## II. Motions in Limine

### A. Evidence of Other Customers other than Four Previously Identified

Defendant's argue that Plaintiff should not be allowed to present evidence regarding of other sales or revenues involving customers except those four customers Plaintiff identified in his deposition. The Court finds this issue moot in light of its July 21, 2008 Order Granting in Part and Denying in Part Plaintiff's Motion for Sanctions. (Dkt. No. 78). Specifically, the Court limited Plaintiff's case to those four customers.

### B. Charts of Estimated Sales

Defendant argues Plaintiff should not be allowed to introduce or rely upon exhibits 3 and 4 of his deposition. Defendant contends that the exhibits which are charts of Defendant's estimated mirror sales for 1999-2004 are unreliable as they were created by Plaintiff or other unknown persons. The charts do not list the customers by name but rather by geographic region. (Def. Br. Ex. B, Charts). Defendant also avers that the charts are inadmissable because they do not fall within a hearsay exception as they are not records kept in the ordinary course of business pursuant to Fed. R. Evid. 803(6).

Plaintiff argues that the "charts" are purported documents prepared by Defendant and circulated in support of its attempts to gain additional business and contain admissions. (Plf. Br. at 1). Plaintiff represents that he will introduce the exhibits through witness Douglas Kowalski who is currently in China.

To the extent that Plaintiff has a witness through which the exhibits can be admitted and authenticated there should be no hearsay issue as to the charts. Defendant apparently concedes this point it fails to address this issue in its reply brief.

### C. Prevalent Custom and Usage as to "Procuring Cause" or Commission Rates in Automotive Supplier Industry

Defendant argues that Plaintiff should not be allowed to offer any evidence regarding the prevalent custom or usage as to "procuring cause" or commission rates in the automotive supplier industry for the reason that Plaintiff has not identified any experts to be used at trial.

Plaintiff responds that no expert is needed to show a prevalent custom or usage and because Plaintiff has knowledge of the customs and usage in the industry, his testimony is sufficient to establish this issue.

The Court finds that there is no case law which indicates that an expert is mandated to determine the custom or usage of a term. Rule 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inference which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

In light of Rule 701, Plaintiff may testify as to his own knowledge and experience, however he cannot testify as to his speculation as to what the rest of the industry does or demands. To the extent Defendant argues that Plaintiff can have no basis for any personal knowledge relating to the

3

commission rates in the industry because of his lack of experience, this issue goes to the weight of the evidence and is appropriate for cross-examination.

### D. Calculation of Damages

Defendant also anticipates that Plaintiff will attempt to introduce evidence regarding the calculation of damages and this evidence should be excluded from trial because it will be hearsay, Plaintiff has failed to identify an expert, and it would constitute unfair surprise or prejudice.

Plaintiff argues that he is under no compulsion to appoint an expert to calculate damages as he plans upon relying on figures produced by Defendant and merely adding those numbers for a total.

To the extent Defendant argues unfair surprise and prejudice because Plaintiff has been slow to calculate his damages, the Court finds that this delay is attributable to Defendant's own failure to timely supplement its sales numbers.

The Court anticipates that Plaintiff will rely upon these Defendant's documents for its damages calculation and these documents would be admissible under the business records exception to hearsay or as a party admission, and Defendant agreed to this conclusion during the hearing.

To the extent Plaintiff offers evidence as to the value of his services, this evidence should be allowed so long as Plaintiff has personal knowledge, i.e., regarding his previous and subsequent rates of pay as well has what he would charge for these services now.

### E. Miscellaneous Objections Certain Proposed Exhibits

The Court indicated during the hearing that Defendant's miscellaneous objections to certain proposed exhibits were too vague to give Plaintiff a fair opportunity to respond. Consequently, the Court instructed Defendant to file another more specific motion in limine which would address these

matters. However, certain exhibits the Court finds blatantly irrelevant or improper and those challenges will be addressed *infra* and Defendant need not address in his second motion in limine.

### 1. Exhibits 4, 36, 39, 40 and 41

Defendant contends Plaintiff's proposed exhibits 4 (1998 Officers and Directors Brochure of SAE International), 36 (docket entry sheet), 39 (Plaintiff's requests to produce), 40 (Defendant's Responses to requests to produce), and 41 (Plaintiff's notice of deposition to Mr. Lin) should be excluded from trial because they are irrelevant to the proceeding.

Plaintiff argues that "Defendant has not been forthcoming in this matter, either in its initial response to the complaint or in response to discovery requests. Exhibits 36, 39, 40, and 41 may be used to expand on this recalcitrance in testing the credibility of Jerry Lin. They may be authenticated under FRE 1005 and will be admitted if the court deems them relevant." (Plf. Br. 6). The Court finds that Plaintiff's exhibits 36, 39, 40, and 41 are irrelevant. These exhibits have no relevance to the underlying facts and appear to merely be evidence of alleged foot-dragging during pretrial discovery. Plaintiff requested the Court allow evidence of this alleged behavior before the jury in its previous motion for sanctions, and the Court denied this request. The Court holds there is no proper purpose for these exhibits other than to circumvent its prior ruling.

Plaintiff argues that exhibit 4 will be become relevant in his cross-examination of Jerry Lin, as it contains Litton Lee's biographical information. Plaintiff does not offer a hearsay exception to the biography or explain how he plans on authenticating the document. The biography may become relevant on cross-examination but the Court holds that it is improper and irrelevant for any other purpose.

5

### 2.     Proposed Exhibits 30, 31, and 32

Defendant requests the Court exclude proposed exhibits: 30 (Data from Automotive News), 31 (Data from Wards Autoworld), 32 (Data from information supplied by Defendant to Suppliers). Defendant argues that these exhibits are inadmissible because Plaintiff does not have an expert in these matters.

The Court finds that proposed exhibits 30 and 31 which are data compilations from automotive publications fall under the hearsay exception for "market reports, commercial publications". Fed. R. Evid. 803(17). Pursuant to this rule, "[m]arket quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations" are hearsay exceptions.

Defendant argues that admitting these reports would be prejudicial and confuse the jury and the Court disagrees. Defendant contends that because the reports will not reflect just the number of mirror components sold by Defendant but will also include the numbers supplied by other tier suppliers, the reports will prejudice the jury. However, the Court finds that these questions are proper for cross-examination and go to the weight of the evidence not its prejudicial value. Therefore, the documents are admissible to the extent they are relevant.

Plaintiff instructed the Court that he would not be using proposed exhibit 32 in light of its decision to deny his Motion to Amend.

### 3.     Affidavit of Jerry Lin

Defendant argues that Plaintiff's proposed exhibit 5, the affidavit of Jerry Lin, should be excluded as inadmissible for the reason that the affidavit is hearsay and Plaintiff has failed to show

that Jerry Lin will be unable to testify nor does the affidavit fall within in one of the six listed categories in Rule 804(b).

Pursuant to Rule 613(a) a witness may be examined regarding a prior written or oral statement. Further, under Rule 613(b) "extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless the witness is afforded an opportunity to explain or deny the same and the opposite party is afforded an opportunity to interrogate the witness . . . ."

Therefore, to the extent Plaintiff seeks to use the affidavit to impeach Jerry Lin with a prior inconsistent written statement, the affidavit is admissible if Plaintiff affords Jerry Lin an opportunity to explain or deny the inconsistency. However, the Court finds any other purpose would render the statement hearsay.

### III. Plaintiff's Motion to Amend

Plaintiff requests the Court allow him to amend the Final Pretrial Order to allow Plaintiff recover damages for sales of actuators and sales of actuators as parts of larger assembly by Defendant to General Motors Corporation, Ford Motor Company, Chrysler Corporation and their under tier suppliers in the Asian market. (Plf. Br. 1).

Plaintiff's counsel contends that Plaintiff made clear in an affidavit attached to his response to Defendant's Motion for Summary Judgment that Plaintiff's efforts on behalf of Defendant included the "development of the motor and to assuring that it complied in all respects with the specifications of The Big Three manufacturers." (Plf. Br. 1, quoting Hilborn Aff. ¶ 27). Plaintiff avers that this evidence supports an expansion of the Final Pretrial Order such that Plaintiff can seek damages relating to sales to the aforementioned companies.

The Court previously held in its Order on Plaintiff's Motion for Sanctions that Plaintiff's scope of remedy is restricted by the companies identified by Plaintiff in his Complaint. (Dkt. No. 78). Implicit in this holding is the fact that Plaintiff's claims are constrained by the Complaint he drafted and which he set forth his allegations: Plaintiff did not amend nor seek to timely amend his Complaint to expand his claims such that Defendant's sales to other companies outside of the identified few were proper. Now, Plaintiff again seeks to expand his recovery not through an amended complaint but through an amended final pretrial order which he argues controls the litigation.

Plaintiff has set forth no case law which supports his theory that a final pretrial order becomes a defacto complaint after it is entered. Rather, Plaintiff relies upon language from Fed. R. Civ. P. 16(d), which states that a pretrial order "when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." However, the whole of Rule 16(e), which relates specifically to final pretrial conferences and orders, states:

> The court may hold a final pretrial conference to formulate a trial plan, including a plan to facilitate the admission of evidence. The conference must be held as close to the start of trial as is reasonable, and must be attended by at least one attorney who will conduct the trial for each party and by any unrepresented party. The court may modify the order issued after a final pretrial conference only to prevent manifest injustice.

This rule undercuts Plaintiff's premise that a final pretrial order controls all aspects of the litigation including theories of recovery and allegations pled after it is entered. It is clear from Rule 16, that a final pretrial order is to facilitate the trial process and the admission of evidence.

Further, the Court rejected these same claims when it addressed Plaintiff's previous arguments regarding his Motion for Sanctions.

Therefore, to the extent Plaintiff seeks to expand his claims or his theories of recovery, the Court denies his motion and finds that he is constrained by the complaint he drafted.

## IV. CONCLUSION

For these reasons, the Court:

(1) **DENIES** Plaintiff's Motion to Amend the Final Pretrial Order;

(2) **GRANTS IN PART AND DENIES IN PART** Defendant's Motions in Limine.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 25, 2008.

s/Denise Goodine
Case Manager