# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID HILBORN,

    Plaintiff,                      CIVIL ACTION NO. 03-cv-71726

    vs.                             DISTRICT JUDGE PAUL D. BORMAN

CHAW KHONG TECHNOLOGIES,
CO., LTD.,                       MAGISTRATE JUDGE MONA K. MAJZOUB

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF DEFENDANT'S CONSOLIDATED MOTIONS IN LIMINE TO EXCLUDE CERTAIN EVIDENCE FROM ADMISSION AND REFERENCE AT TRIAL (DOCKET NO. 87).

This matter comes before the Court on Defendant's Supplemental Brief in Support of Defendant's Consolidated Motions in Limine to Exclude Certain Evidence From Admission and Reference at Trial filed on August 27, 2008. (Docket no. 87). This Supplemental Brief was a supplement to Defendant's Consolidated Motions In Limine to Exclude Certain Evidence from Admission and Reference at Trial filed on July 9, 2008. (Docket no. 74). Plaintiff filed a Response to Defendant's [first] Motions In Limine on July 25, 2008. (Docket no. 79). Defendant filed a Reply on August 4, 2009. (Docket no. 83). On August 25, 2008 the District Court issued an order granting in part and denying in part Defendant's Motion in Limine. (Docket no. 86). The August 25, 2008 Order also directed Defendant to brief in further detail the remaining Motions in Limine raised in Defendant's Motion (docket no. 74) and not addressed by the District Court's Order. After issuing its August 25, 2008 Order, the District Court Judge referred this matter to the undersigned for determination of the remaining issues in Defendant's Supplemental Brief in Support of Defendant's Consolidated Motions In Limine to Exclude Certain Evidence From Admission and Reference at

Trial. (Docket No. 88). The Court ordered Plaintiff to file a Response to Defendant's Supplemental Brief on or before September 5, 2008 at 9 a.m. (Docket no. 89). Plaintiff filed an untimely Response. (Docket no. 93). The parties appeared for hearing and the Court heard this matter on September 8, 2008. The matter is now ready for ruling.

**I.     LEGAL STANDARD**

The Court exercises discretion when resolving questions of relevancy and admissibility of evidence at trial. *See United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991). Relevant evidence is defined in Federal Rule of Evidence 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pursuant to Fed. R. Evid. 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

**II.    MOTIONS IN LIMINE**

**A.     Defendant's Objection That Plaintiff Will Not Be Able to Authenticate The Proposed Trial Exhibits and Relevance**

The issues remaining from the Court's August 25, 2008 order and addressed in Defendant's Supplemental Brief relate to Plaintiff's proposed Trial Exhibit Nos. 2, 6, 8, 9, 10, 11, 13, 14, 17, 18, 19, 20, 21, 23, 24, 25, 26 and 27. (Docket no. 87). The parties testified that Defendant withdrew its objections to Plaintiff's Trial Ex. Nos. 18, 23 and the purchase order attached as the second page to Ex. No. 17. Plaintiff's counsel testified the he is removing Trial Ex. No. 19 from his exhibit list, thus resolving that issue. At the hearing the parties stipulated to the admission of the first page of Plaintiff's Trial Ex. No. 17, with the handwriting and "fax" post-it note redacted.

Defendant argues with respect to each of the trial exhibits at issue that Plaintiff will not be able to authenticate the document(s). Fed. R. Evid. 901 provides that the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Plaintiff in his Response Brief to Defendant's prior Motions in Limine stated that "[a]uthentication will be handled by plaintiff on a document by document basis and will generally fall under FRE 901(b)(1)." (Docket no. 79 at 7). After considering the pleadings and documents, including the witness lists provided by the parties, the Court finds that excluding any of the documents raised in Defendant's Motions in Limine on the basis of authentication is premature at this time, including documents authored and/or sent by the deceased Litton Lee. Plaintiff will have personal knowledge of many of the documents from which he can testify or may otherwise attempt to authenticate these exhibits at the time of trial. Fed. R. Evid. 901(b)(1); *see also Zenith Radio Corp. v. Matsushita Elec. Indus. Co., Ltd.*, 505 F. Supp. 1190, 1224 (D.C. Pa. 1980), mod. on other grounds, 723 F.2d 238 (3d Cir. 1988) (A document may also be authenticated by circumstantial evidence.).

Defendant in its Supplemental Brief did not object to the relevance of the exhibits at issue and did not raise relevance objections until the hearing. Plaintiff in his prior Response Brief stated in response to Defendant's hearsay objections that "[a]ll of the documents record the plaintiff's sure and steady progress, one vendor at a time, toward the shared goal of entering the market with the product." (Docket no. 79 at 11). The Court finds that the exhibits at issue herein are relevant to this assertion and the claims in this case[1]. Fed. R. Evid. 401.

---

[1] On July 21, 2008 the Court ruled to limit Plaintiff's evidence to sales information and revenue involving customers identified in Plaintiff's Complaint. (Docket nos. 78). The Court reiterated this order and limitation in its August 25, 2008 Order. (Docket no. 86). The parties

**B.      Defendant's Hearsay Objections**

Defendant's objects that Plaintiff's Trial Exhibits constitute hearsay under Fed. R. Evid. 801 and 802 and do not meet any of the exceptions under Fed. R. Evid. 803. In objection to most of the exhibits, Defendant specifically argues that the documents do not meet the hearsay exception as a business record under Fed. R. Evid. 803(6)[2].

Plaintiff argued in its July 25, 2008 Response that "most of the documents will be admissible under FRE 803(6), because the business activities of Plaintiff and defendant were regularly conducted and driven by the common goal of enabling defendant to enter the auto supply market with actuators and related devices." (Docket no. 79 at 11). Plaintiff provided further specific arguments for admissibility at the hearing and in his September 5, 2008 Response, as set forth in further detail below.

**1. GM Technical Specification for Mirror**

---

confirmed at the hearing that evidence regarding Plaintiff's claims for sales and revenue are limited to the following entities: ADAC, Findlay Industries, Donnelly, and Ichikoh. (Docket no. 78). The exhibits at issue in Defendant's Supplemental Brief (docket no. 87) fall within this limitation.

[2]Fed. R. Evid. 803(6), Records of Regularly Conducted Activity, provides that the following are an exception to the hearsay rule:
>A memorandum, report, record or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time  by or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification . . . , unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.  FRE 803(6).

Defendant objects that Plaintiff's Trial Ex. No. 2, GM Technical Specification Outside Rearview Mirror dated April 19, 1999, is hearsay under Fed. R. Evid. 801 and it does not meet any of the exceptions to hearsay under Fed. R. Evid. 803[3]. Fed. R. Evid. 801 provides that "'[h]earsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. The "statement" can be written or oral. Fed. R. Evid. 801(a). Fed. R. Evid. 802 provides that "[h]earsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress." Plaintiff responds that he is not offering the document to prove the truth of the matter asserted therein, mirror specifications, but, rather, to show that the document was given to Plaintiff to use and was used by Plaintiff to develop a mirror assembly and produce it at a lower cost than other suppliers. The document is not hearsay in this context and the Court will deny Defendant's Motion in Limine as to Plaintiff's Trial Exhibit No. 2.

### 2. Plaintiff's Trial Exhibit Nos. 6 and 9

Defendant argues that Plaintiff's Trial Exhibit No. 6, a memo from Litton Lee to Plaintiff dated November 27, 1998 and No. 9, a memo from Litton Lee to Max Sung dated July 28, 1999, are hearsay and do not meet the business record exception. Plaintiff argued at the hearing that he is offering Exhibit Nos. 6 and 9 for the truth of the matters asserted. Plaintiff argues that the statements constitute admissions of a party opponent. Fed. R. Evid. 801(d)(2)(C). Fed. R. Evid. 801(d)(2) provides that

(d) A statement is not hearsay if --

---

[3] As set forth above, GM is not one of the specified customers, however, the exhibit is not related to sales and revenues and will not be excluded on this basis. The parties testified at the hearing that GM was an end customer of the products at issue and will be mentioned in the trial.

> (2) The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, . . . .

Defendant admits in its trial brief that Litton Lee, deceased, was its sales representative "at the time [Defendant] first had contact with [Plaintiff] in 1998." (Docket no. 92 at 2). At the hearing Defendant argued that the documents cannot constitute an admission under Fed. R. Evid. 801(d)(2) because Lee was authorized to speak to customers and the memos are not directed to customers and the memos do not contain statements contrary to Defendant's position. "An admission must be offered against a party, not for him, . . . although the statement need not have been made against the party's interest at the time it was made. An admission must be contrary to a party's position at trial." *Auto-Owners Ins. Co. v. Jensen*, 667 F.2d 714, 722 (8th Cir. 1981) (internal citations omitted). Plaintiff argues that Defendant's executive Jerry Lin claims he never dealt with Plaintiff and this document shows that Plaintiff was included in Defendant's process.

The Court finds that Ex. 6, Lee's memo to Plaintiff is a statement by the party's agent, Lee, concerning matters within the scope of his agency or employment as a sales representative (the statements in the memo inform and direct Plaintiff with respect to parts for customers, including power packs, and quotations and price information for others at Defendant Chaw Khong relating to the parts). The memo was created on November 27, 1998 during the existence of Lee's relationship with Defendant. *See* Fed. R. Evid. 801(b)(2)(D). Ex. 6 is an admission and is not hearsay. The document is still subject to proper authentication as set forth above and laying a foundation at trial. The Court applies the same analysis to Ex. 9 and concludes that the exhibit is an admission and is not hearsay. Fed. R. Evid. 801(b)(2). The parties have not raised any issues with respect to the

handwriting that appears on Exhibit 9. The Court will deny Defendant's Motions in Limine as to Exhibit Nos. 6 and 9. Plaintiff must properly authenticate the documents at trial and the Court's ruling in no way excludes Plaintiff's ability to use the documents for purposes other than the truth of the matters asserted therein. For example, Plaintiff also argues that the documents exemplify the process in which Plaintiff was engaged on behalf of Defendant and Ex. 6 shows communication between Defendant's agent or employee, Lee, and Plaintiff.

### 3. Plaintiff's Trial Exhibit Nos. 8, 10, 11, 13, 14, 20 and 21.

Defendant objects that Plaintiff's Trial Exhibit Nos. 8, 10, 11, 13, 14 (letters from Plaintiff to D. Kowalski at ADAC Plastics, Inc.) and Nos. 20 and 21 (letters from Plaintiff to D. Bruskotter at Findlay Industries) are hearsay to the extent they are admitted to prove the truth of the matters asserted therein and do not fall within any of the hearsay exceptions. Fed. R. Evid. 801, 802, 803. Plaintiff has multiple purposes for seeking to admit the letters. As set forth above, without going to the truth of the matters asserted within the letters, the letters evidence a process of approving parts and components. They also show Plaintiff's attempts to enter the market and contacts and communications made on behalf of Defendant. They are admissible for these purposes.

Defendant relies on *United States v. Midgett*, 488 F.3d 288 (4th Cir. 2007) for the premise that a party's letters offered to prove the matters asserted are hearsay. *Midgett* is not instructive on this issue. *Midgett* was a criminal case and the letters at issue were between the defendant and his girlfriend/co-conspirator; there was no analysis of the exclusions to the hearsay rule, including any that may apply here.

To the extent Plaintiff seeks to admit the letters for the truth of the matters asserted therein, Plaintiff argues that his written statements are not hearsay because they fall under Fed. R. Evid.

7

801(d)(2)(C) and (D) as admissions by a party opponent. Although the evidence may support a conclusion that Plaintiff was acting in some capacity on behalf of Defendant with respect to Defendant's business at the time these letters were written, Plaintiff's relationship with Defendant and the scope of that relationship are at issue in this case. The Court cannot find on the pleadings before the Court at this time that these letters constitute admissions under Fed. R. Evid. 801(d)(2)(C) or (D). However, this does not foreclose the possibility that, to the extent Plaintiff seeks to have them admitted for the truth of the matters asserted therein, Plaintiff will be able to lay a foundation that the documents fall under one of the exceptions to hearsay, for example as Plaintiff's business records pursuant to Fed. R. Evid. 803(6). The Court will deny Defendant's Motions in Limine as to Plaintiff's Trial Exhibit Nos. 8, 10, 11, 13, 14, 20 and 21.

### 4. Plaintiff's Trial Exhibit No. 24.

Defendant objects that Plaintiff's Trial Exhibit No. 24, a fax from C. Swanson at GM to Plaintiff constitutes hearsay and does not fall within any exception to hearsay. Fed. R. Evid. 801, 802, 803. Plaintiff responded that he seeks to admit the document to show that Defendant had knowledge that GM was dealing directly with Plaintiff on matters related to the powerpacks. The document references information from "Donnelly," which is one of the customers included within the scope of the Plaintiff's claims. To the extent the document is being admitted for matters other than the truth of the statements therein, it is not hearsay and it is admissible. The Court will deny Defendant's Motion in Limine as to Plaintiff's Trial Exhibit No. 24.

### 5. Plaintiff's Trial Exhibit No. 25.

Defendant objects that Plaintiff's Trial Exhibit No. 25, a December 15, 1998 letter from D. Allegeier at Ichikoh to J. Lin at Defendant Char Khong Technologies Co., Ltd. is an award letter

8

constituting hearsay and does not fall within any of the exceptions to hearsay. Plaintiff argues that he does not propose to submit the letter for the truth of the matter, but rather to establish the process with customer Ichikoh, and to show that Defendant, specifically J. Lin, had knowledge of the contents of the letter in December 1998. To the extent the document is being admitted for matters other than the truth of the matters asserted therein, it is not hearsay. However, if Plaintiff seeks to admit this exhibit for the truth of the matters asserted therein, he will have to lay a proper foundation to establish one of the exceptions to hearsay under Fed. R. Evid. 803. The most applicable exception would be as a record of regularly conducted activity, however, the parties agree that there is no Ichikoh witness and Plaintiff has not shown how he would otherwise lay such a foundation. The Court will deny Defendant's Motion in Limine as to Plaintiff's Trial Exhibit No. 25. Plaintiff may admit Exhibit No. 25 for the purpose of establishing contacts and date of contact between Ichikoh and Defendant to establish the process with Ichikoh.

6. **Plaintiff's Trial Exhibit No. 26.**

Defendant objects that Plaintiff's Trial Exhibit No. 26, a faxed email from T. Kling at Donnelly to G. Lin at Defendant Chaw Khong Technology Co., Ltd. is hearsay and does not fall under any exception to hearsay, including as a record of regularly conducted activity. Plaintiff argues that he seeks to submit the document to show the PPAP process engaged in by Defendant and Defendant's knowledge, specifically M. Sung and L. Lee's knowledge of the contents of the fax in January 1999 and not for the truth of the matters asserted therein. The Court finds that the document is admissible for these limited purposes. The Court will deny Defendant's Motion in Limine as to Trial Exhibit No. 26.

7. **Plaintiff's Trial Exhibit No. 27.**

Defendant objects that email between Gina Lin at Defendant Chaw Khong and Plaintiff spanning the time period from June 17, 1999 through October 25, 1999 are inadmissible as hearsay, do not fall under any of the exceptions to hearsay, and are incomplete documents containing part but not all of the email string. (e.g., the June 17, 1999 email indicates it is page 1 of 3). Defendant generally argues that the complete document must be produced and a partial document would be prejudicial or confusing and would not be the best evidence as required by Fed. R. Evid. 403, 1002 and 1003[4]. Plaintiff argues in response that the full emails are equally available to Defendant and Plaintiff's counsel testified that he does not know why Plaintiff only retained two of the three pages of the email string.

With respect to the issue of the "partial" emails, there is no evidence that the email string dated August 4 and 5, 1999 continues and, although the pages indicate that a page "3 of 3" is missing, the individual messages themselves are complete and there is no indication that there was anything on the third page. On the bottoms of both page "2's" there appears a signature block concluding that particular message. The subject line in the earliest message in the string does not contain "re:" a further indication that it was the initial message in the email string. The June 17, 1999 email, although indicating page "1 of 3," can be read alone and there is no indication that the messages themselves are incomplete. There is no indication that Defendant will be prejudiced by the admission of these emails.

Plaintiff also argues that the emails constitute an admission or series of admissions because Plaintiff was an agent of Defendant at the time of the email correspondence. As set forth above, the

---

[4] In the Supplemental Brief, Defendant also argued that emails dated October 6, 1999 and October 25, 1999 are missing. The parties resolved this issue at the hearing and Plaintiff agreed to strike these two emails from his exhibit list.

10

Court will not find that Plaintiff made admissions on behalf of Defendant pursuant to Fed. R. Evid. 801(d)(2). Plaintiff's relationship with Defendant and the scope of his authority are at issue in this case. Plaintiff asserts that he is also seeking to admit the email string not for the truth of the matter asserted, but to show an acknowledgment by Defendant that Plaintiff was "doing something" on behalf of Defendant and had an important role in Defendant's process. (Docket no. 93). The Court will find that the emails are admissible for this purpose.

**IT IS THEREFORE ORDERED** that Defendant's Motion and Supplemental Brief in Support of Defendant's Consolidated Motions In Limine to Exclude Certain Evidence From Admission and Reference at Trial (docket no. 87) is DENIED as set forth herein. If Plaintiff fails to lay the proper groundwork for the admission of the exhibits at trial, the Defendant may renew its hearsay and authentication objections at that time. The Court's order and findings herein do not otherwise preclude Plaintiff from seeking to have these exhibits admitted at trial for the truth of the matters asserted therein, provided Plaintiff can lay the proper foundation to show that the documents fall under one of the exceptions to hearsay. Fed. R. Evid. 803.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 10, 2008        s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 10, 2008        s/ Lisa C. Bartlett
                                 Courtroom Deputy