**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID HILBORN,

    Plaintiff,                             CIVIL ACTION NO. 03-cv-71726

    vs.                                 DISTRICT JUDGE PAUL D. BORMAN
                                       MAGISTRATE JUDGE MONA K. MAJZOUB

CHAW KHONG TECHNOLOGY,
CO., LTD.,

    Defendant.
_____/

## ORDER (1) REQUIRING CHAW KHONG TECHNOLOGY CO., LTD. OFFICER JOE LIN TO APPEAR FOR SETTLEMENT CONFERENCE ON OCTOBER 2, 2008, AND (2) GRANTING ATTORNEY'S FEES AND OTHER COSTS TO PLAINTIFF

This matter is before the Court as a result of a settlement conference held on September 11, 2008, at which Mr. Joe Lin failed to appear.

At a hearing held on September 8, 2008 the Court, per Magistrate Judge Mona K. Majzoub, ordered the parties' representatives with full settlement authority to appear for a settlement conference on September 11, 2008. Defendant's counsel represented that Mr. Joe Lin had full settlement authority on behalf of Defendant and would appear at the September 11, 2008 settlement conference.

On September 11, 2008, Plaintiff appeared with his counsel, but Mr. Joe Lin did not appear with Defendant's counsel. Instead, Defendant's counsel brought two persons, Jerry Lin and Jessie Chien, to the conference, purporting to have a limited amount of settlement authority on behalf of Defendant Chaw Khong Technology Co., Ltd. Neither of the two persons appearing on behalf of Defendant are presently employed by Defendant. Jerry Lin is a former executive and Jesse Chien

is a part-time engineering consultant. Defendant's representatives presented to the Court a letter from Joe Lin purporting to give them conditional limited settlement authority. The letter, however, raises more questions than it answers about authority to settle:

> I, Joe Lin, Vice President of Chaw Kong Technology Co., Ltd., have full authority to resolve the above-captioned case and am also authorized to authorize Jerry Lin and Jesse Chien in the condition with the consensus of both with authority to settle the case in an amount up to and including $450,000.

The Court held a hearing on September 11, 2008 on the matter of Defendant's failure to appear with Mr. Joe Lin. At the hearing Plaintiff moved for default judgment in light of Defendant's failure to comply with the Court's order and the pre-trial process to date. Plaintiff also moved for costs and expenses in bringing his witness, Douglas Kowalski, to the United States from China for a trial that, if it were to occur, was scheduled to begin on September 12, 2008 following the conclusion of the settlement conference that both attorneys had agreed should precede the trial.

For the reasons set forth herein and on the record at the September 11, 2008 hearing, the Court finds that Defendant was substantially unprepared to participate in the settlement conference held on September 11, 2008, Joe Lin failed to appear for the conference and the letter purporting to give limited settlement authority to the two individuals, neither of whom are employees of Defendant, demonstrates to this Court that Defendant did not participate in the settlement conference in good faith. Fed. R. Civ. P. 16(f)(1). Defendant informed the Court at the hearing that Mr. Joe Lin is presently in China, and unable to leave due to a business dispute with the government. The Court requested Defendant's counsel call Mr. Joe Lin to serve a date to have a settlement conference. Defense counsel made a call and stated Mr. Joe Lin would be to be here in three weeks.

The Court orders Joe Lin, Defendant Chaw Khong Technology Co., Ltd.'s representative with full settlement authority, to appear for a settlement conference as set forth below. The Court

will award Plaintiff's counsel Carl F. Schier costs and expenses for his appearance at the September 11, 2008 settlement conference and the expense of his witness Kowalski's round trip airfare from China in the range of $1,600 per submitted ticket copy.  Fed. R. Civ. P. 16(f).

**IT IS THEREFORE ORDERED** that Defendant Chaw Khong Technology Co., Ltd.'s representative Joe Lin will appear with full settlement authority on Thursday, October 2, 2008 at 10:00 a.m., in Room 737 of the Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan for a settlement conference to be held on the same date and time.

**As stated on the record at the September 11, 2008 hearing, Joe Lin's failure to appear as ordered herein will result in the Court imposing sanctions which may include, holding Defendant and/or Joe Lin in contempt of Court, entry of a Default Judgment against Defendant and/or the imposition of any other remedy available to the Court by it inherent contempt power, and by statute or rule, e.g.. Fed. R. Civ. P. 11, 16(f) and 55.**

**IT IS FURTHER ORDERED** that Defendant will pay Plaintiff's counsel Carl F. Schier's reasonable attorney's fees and costs incurred in attending the September 11, 2008 settlement conference and the costs of witness Kowalski's round trip plane ticket from China purchased for the purpose of testifying at the trial which was scheduled to begin on September 12, 2008.  Plaintiff will file with the Court on or before September 19, 2008 a bill of costs and supporting documentation for appearing at the September 11, 2008 settlement conference.  Plaintiff's Bill of Costs will also include proof of costs for the airplane ticket of his witness, Mr. Kowalski, incurred as a result of Defendant's acts as described.  Defendant may respond to Plaintiff's Bill of Costs on or before September 24, 2008.

                s/Paul D. Borman

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 15, 2008.

s/Denise Goodine
Case Manager