**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**DAVID HILBORN,**

      **Plaintiff,**　　　　　　　　　　**CIVIL ACTION NO. 03-cv-71726**

      **vs.**　　　　　　　　　　　　　　**DISTRICT JUDGE PAUL D. BORMAN**

**CHAW KHONG TECHNOLOGY**　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**COMPANY LIMITED,**

      **Defendant.**
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION AND BRIEF FOR
LEAVE TO AMEND THE COMPLAINT TO ADD CONCORD FINANCIAL CO LTD AS
A PARTY DEFENDANT (DOCKET NO. 103).**

This matter comes before the Court on Plaintiff's Motion and Brief For Leave To Amend The Complaint To Add Concord Financial Co Ltd As A Party Defendant filed on November 10, 2008. (Docket no. 103). Defendant filed a Response To Plaintiff's Motion For Leave To Amend The Complaint To Add Concord Financial Co Ltd As A Defendant on November 25, 2008. (Docket no. 107). This matter was referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 104). The Court dispenses with oral argument on this motion. E.D. Mich. LR 7.1(e). (Docket no. 106). The matter is now ready for ruling.

Plaintiff seeks to amend his Complaint pursuant to Fed. R. Civ. P. 15(a) to add Concord Financial Co. Ltd. ("Concord") as a party defendant. Plaintiff argues that Concord is an alter ego of Defendant Chaw Khong. Rule 15(a), Fed. R. Civ. P., provides that a party may amend its pleading once as a matter of course prior to service of a responsive pleading or within twenty days of serving its pleading if no responsive pleading is required. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely

give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  The decision whether to permit amendment is committed to the discretion of the trial court. *See Lucas v. Schneider Nat'l Carriers, Inc.*, 953 F.2d 644 (6th Cir. 1992) (unpublished).  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In the absence of any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, the leave to amend should be freely given.  *See id*.  The decision of whether justice requires the amendment is committed to the sound discretion of the court.  *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986).  Plaintiff filed his original Complaint on May 5, 2003 and after a series of proceedings Defendant filed an Answer on July 29, 2005.  (Docket no. 26).  Therefore, leave of court is required before Plaintiff may amend his Complaint.  Fed. R. Civ. P. 15(a).

Although Plaintiff stated in its Motion that counsel for Defendant has no objections to the Motion to Amend, Defendant filed a response and asks the Court to deny Plaintiff's Motion.  Defendant argues that amending the Complaint at this time will require amending the scheduling order and Plaintiff has not shown good cause for seeking to amend the complaint and the scheduling order this late in the proceedings.  "A schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).

The Court finds that Plaintiff has shown good cause and has not exercised undue delay in moving to amend his Complaint to add the new defendant.  Plaintiff incorporates in his Motion an affidavit of his counsel.  (Docket no. 103-6, Schier Aff.).  Plaintiff's counsel states that the facts which led him to seek leave to amend and add Concord as a party came to light only when the

parties were trying to resolve this case through settlement. (Docket no. 103-6 Schier Aff. ¶ 2). Plaintiff's counsel states that "[a]t different times it has been stated that Concord has taken a majority interest in defendant Chaw Khong, meaning that Concord has acquired a majority of the issued and outstanding capital stock of Chaw Khong and controls it." (Docket no. 103-6 Schier Aff. ¶ 4). Plaintiff's counsel alleges that information on Concord's website shows that Rebecca Lee is a Senior Vice President at Concord and Chaw Khong's board meeting minutes show that a Rebecca Lee attended the meeting to announce the resignation of Joe Lin and appoint Denny Wei as the representative of Chaw Khong for purposes of October 2, 2008 settlement conference before the Court[1]. (Docket no. 103-2, 103-3, 103-6 Schier Aff. ¶ 5). Plaintiff's counsel points out that the Chaw Khong web site continues to show Joe Lin as the Executive Vice President of Chaw Khong and its "Spokeman." (Docket no. 103-4, 103-6 Schier Aff. ¶ 6). Plaintiff also alleges that the individuals who appeared at the settlement conference on behalf of Chaw Khong did not appear to be involved in managing Chaw Khong and that during settlement proceedings it was disclosed that Chaw Khong was considering filing for bankruptcy protection. (Docket no. 103-6 Schier Aff. ¶¶ 8, 9). Plaintiff alleges that this would put Defendant Chaw Khong under the complete control of Concord and that Concord appeared to be controlling the settlement proceedings on behalf of Chaw Khong. (Docket no. 103-6 Schier Aff. ¶¶ 9, 10). Finally, Plaintiff's counsel stated that the "purported deteriorating financial condition of Chaw Khong and the role of Concord was not disclosed until after all discovery and motion dates had passed, and the case was ready for trial."

---

[1] On September 15, 2008 the Court entered an Order (1) Requiring Chaw Khong Technology Co. Ltd. Officer Joe Lin To Appear For Settlement Conference On October 2, 2008 And (2) Granting Attorneys Fees And Other Costs To Plaintiffs. (Docket no. 99).

(Docket no. 103-6 ¶ 11). The Court finds that Plaintiff has shown good cause for failing to identify the proposed party before now and has not acted with undue delay.

Defendant also argues that the proposed amendment is prejudicial to both Defendant Chaw Khong and Concord. Defendant argues that new discovery would be needed to prove Plaintiff's alter ego theory and that Defendant would be prejudiced by participating in discovery proceedings "wholly unrelated to the underlying claim and defense." Defendant's arguments of prejudice are general in nature. Furthermore, although one of the factors which the Court may consider is whether the opposing party will suffer prejudice by the amendment, Defendant provides no legal support for its assertion that the Court should consider prejudice to the *proposed* party. The Court finds that there is no specific and significant showing of prejudice to either Chaw Khong or the proposed party. Under such circumstances, leave to amend should be granted. *See Moore*, 790 F.2d at 562. The general arguments Defendant makes regarding additional burdens on discovery may be resolved by separate orders or perhaps by agreement among the parties. Finally, Defendant argues that Plaintiff may improperly be trying to avoid the Court's order limiting Plaintiff's claims at trial. (Docket no. 78). There is no indication that Plaintiff's proposed Amended Complaint attempts to circumvent this earlier order and the Court does not find bad faith on the part of Plaintiff in seeking to amend his Complaint. The amendment should be allowed because justice so requires.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion And Brief For Leave To Amend The Complaint To Add Concord Financial Co Ltd As A Party Defendant (docket no. 103) is **GRANTED**. Plaintiff shall file his Amended Complaint on or before February 23, 2009.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated: February 11, 2009                s/ Mona K. Majzoub
                                        MONA K. MAJZOUB
                                        UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: February 11, 2009                 s/ Lisa C. Bartlett
                                         Courtroom Deputy