**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID HILBORN,**

        **Plaintiff,**　　　　　　**CIVIL ACTION NO. 03-CV-71726-DT**

**vs.**

　　　　　　　　　　　　　　　**DISTRICT JUDGE PAUL D. BORMAN**

**CHAW KHONG TECHNOLOGY**　　**MAGISTRATE JUDGE MONA K. MAJZOUB**
**CO., LIMITED, et al.,**
        **Defendants.**
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO ENLARGE TIME**
**FOR SERVICE OF PROCESS**

This matter comes before the Court on Plaintiff's Motion to Enlarge the Time for Service of Process on Concord Financial Co., Ltd. filed on June 24, 2009. (Docket no. 119). Defendant Chaw Khong Technology has responded to the motion. (Docket no. 122). This motion has been referred to the undersigned for decision. (Docket no. 120). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Plaintiff's Motion to Enlarge Time is now ready for ruling.

Rule 4(m), Fed. R. Civ. P., provides a 120-day time limit for service of process. If service is not made within that time, the Court must dismiss the action without prejudice against that Defendant or order that service be made within a specified time. But if the Plaintiff shows good cause for not effecting service, the court must extend the time for service for an appropriate period.

Plaintiff moves pursuant to Rule 4(m) for an extension of time to serve Defendant Concord. The Amended Complaint naming Concord as a Defendant was filed on February 23, 2009. (Docket no. 109). Plaintiff supports its motion with an affidavit of counsel setting out the attempts made thus far to effect service on Defendant Concord. (Docket no. 119 at 2-3). The efforts thus far have focused on locating a representative in the United States upon which service could be made, but

Plaintiff states now that it appears that letters rogatory will be required to effect service on Defendant which is a Taiwanese corporation.  (*Id*.).

Defendant Chaw Khong Technology argues that an extension should not be granted because it has already incurred substantial litigation costs in defending against this action. (Docket no. 122). Although the Court is not unsympathetic to Defendant Chaw Khong, Plaintiff shows that it has made efforts to effect service within the United States on Defendant Concord including internet and phone inquiries but has been unsuccessful.  These efforts also include enlisting the assistance of persons in Taipei to confirm an address for Defendant Concord.  Defendant Chaw Khong also contends that Plaintiff has not shown good cause for an extension. (*Id*.).  However, the cases that Defendant relies upon do not involve granting or denying a motion for extension of time to effect service. (*Id*.).  The Court finds that good cause exists to extend the time for service for another 90 days from this point.[1]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Enlarge Time (docket no. 119) is **GRANTED**, and Plaintiff shall serve Defendant Concord Financial Co., Ltd. on or before October 14, 2009.

## NOTICE TO PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated:  July 14, 2009                           s/ Mona K. Majzoub
                                                MONA K. MAJZOUB
                                                UNITED STATES MAGISTRATE JUDGE

---

[1] The Court recognizes that once foreign service is being attempted, Rule 4(m) and its time limitation no longer apply.  Fed. R. Civ. P. 4(m).

2

## **PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: July 14, 2009          s/ Lisa C. Bartlett
                              Courtroom Deputy